UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


SAMUEL POSA

v.                                          Case No.: 8:16-cv-00075-T-24 AEP
                                                      8:11-cr-00555-T-24 AEP

UNITED STATES OF AMERICA

_____/

## ORDER

This cause comes before the Court on Petitioner Samuel Posa's ("Petitioner") motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255. Civ. Doc. 1; Crim. Doc. 246. The United States of America ("Government") filed a response in opposition, to which Petitioner filed a reply. Civ. Docs. 7 & 12. Upon review, the Court denies Petitioner's § 2255 motion and finds that a hearing on the motion is not necessary.

I.   **BACKGROUND**

   **A.  Facts Relevant to Petitioner's Motion**

On October 27, 2011, a federal grand jury returned a three-count indictment that charged Petitioner with one count of conspiracy to unlawfully dispense and distribute oxycodone outside the usual course of professional practice and not for a legitimate medical purpose, and to further distribute and possess with intent to distribute oxycodone in violation of 21 U.S.C. § 846 (Count I), and two counts of distributing and possessing with intent to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts II and III). Crim. Doc. 1.

On November 3, 2011, the Court appointed Petitioner's first of four court-appointed attorneys in this matter, whom he later sought to have removed. Crim. Doc. 72. On February 10, 2012, the Court appointed Petitioner's second court-appointed attorney, who represented Petitioner until June 1, 2012, when the Magistrate Judge granted Petitioner's motion to remove Petitioner's second court-appointed attorney and to proceed *pro se* (Crim. Doc. 58). *See* Crim. Doc. 72. In granting the motion, the Magistrate Judge held a *Faretta* hearing to determine whether Petitioner desired to proceed *pro se* in his case and whether his waiver of counsel was knowing, intelligent, and voluntary. *Id.* The Court granted the motion to proceed *pro se*, but it appointed a third counsel as standby counsel. *Id.*

On June 4, 2012, Petitioner represented himself in an evidentiary hearing on a motion to suppress that his second court-appointed attorney had filed before withdrawing. *See* Crim. Doc. 127. During this hearing, Petitioner expressed his frustration at his inability to perform legal research to prepare for trial. *Id.* at 23–26.

At a June 20, 2012 hearing, Petitioner again voiced his frustration with his inability to conduct legal research, and he asked the Court to appoint him counsel. Crim. Doc. 112. The Court appointed Petitioner's previous standby counsel as new trial counsel ("Trial Counsel") on June 25, 2012. *Id.*

Subsequently, Trial Counsel filed numerous motions and documents on behalf of Petitioner and represented Petitioner at hearings. *See, e.g.*, Crim. Docs. 115, 120, 137–39 (motions); *see, e.g.*, Crim. Docs. 123–24, 130 (documenting appearance). Petitioner also filed motions on his own behalf, including a motion for removal of Trial Counsel and appointment of new counsel. *See, e.g.*, Crim. Docs. 136 & 149.

On September 10, 2012, one week before the beginning of trial, the Magistrate Judge held a hearing on Petitioner's motion for removal of Trial Counsel, and questioned Petitioner regarding whether he wanted Trial Counsel to continue to represent him or whether he wanted to proceed *pro se*. Crim. Docs. 141 & 142. Petitioner ultimately decided he did not want to remove his current counsel. *See* Crim. Doc. 142.

Petitioner proceeded to trial on September 17, 2012, represented by Trial Counsel, his third court-appointed attorney. Petitioner was convicted on all counts. Crim. Doc. 180. After trial, the Court appointed a fourth counsel to represent Petitioner at sentencing and on appeal ("Appellate Counsel"). On December 14, 2012, Petitioner was sentenced to 20 years of imprisonment to run concurrently on each count, to be followed by 10 years of supervised release. Crim. Doc. 216.

Petitioner appealed, raising the issues of (1) whether the district judge improperly charged the jury that, if disbelieved, Petitioner's statements could be used as substantive evidence of his guilt; and (2) whether the evidence was sufficient to support his conspiracy conviction since the evidence showed no more than a buyer-seller relationship between himself and his alleged co-conspirator. Crim. Doc. 232 at 4. The Eleventh Circuit affirmed Petitioner's convictions on May 21, 2014. *Id.* at 1. Thereafter, Petitioner sought a writ of certiorari, which the United States Supreme Court denied on January 12, 2015. Crim. Doc. 241.

**B.  Petitioner's § 2255 Motion and Grounds for Relief**

Petitioner filed his timely §2255 motion on January 4, 2016. Civ. Doc. 1. In the motion, Petitioner states eleven grounds for relief.  Grounds One and Two allege that this Court violated his Sixth Amendment right to self-representation (Ground One) and forced him to have an ineffective trial counsel, who Petitioner claims failed to investigate, interview, or subpoena witnesses for trial (Ground Two), *see id.* at 4–5; Ground Eleven alleges Petitioner's Fifth

3

Amendment right to a fair trial was violated because of prosecutorial misconduct, *see id.* at 17; and the remainder of Petitioner's grounds assert that he received ineffective assistance of counsel from either Trial Counsel, Appellate Counsel, or both.

Specifically, Petitioner advances he received ineffective assistance of counsel when: (1) Trial Counsel failed to exercise peremptory challenges on prospective jurors that had predetermined biases (Ground Three); (2) Trial Counsel and Appellate Counsel failed to raise the issue of whether the differences in Petitioner's Indictment and the evidence presented at trial denied Petitioner his right to a fair trial (Ground Four); (3) Trial Counsel conceded during closing argument that Petitioner was using medication at the time of the charged offenses (Ground Five); (4) Trial Counsel failed to present the theory of defense upon which Petitioner and Trial Counsel had agreed, and also failed to investigate, subpoena witnesses, or make critical objections during trial testimony (Ground Six); (5) Trial Counsel failed to object to the Government 's introduction of suppressed evidence (Ground Seven); (6) Appellate Counsel failed to raise the issue of whether Petitioner's term of supervised release exceeds the maximum (Ground Eight); (7) Trial Counsel failed to obtain an expert witness to impeach potential witness testimony (Ground Nine); and (8) Appellate Counsel failed to raise the issues in Grounds One through Nine and Eleven on direct appeal. *Id.* at 8–16. Because of their similarity, the Court addresses Grounds One and Two together, then Ground Eleven, and finally each of the remaining grounds in turn.

## II.   LEGAL STANDARD FOR EVALUATING INEFFECTIVE ASSISTANCE OF COUNSEL

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a petitioner received ineffective assistance of counsel. First, a petitioner must demonstrate that his attorney's performance was deficient, which requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel'

4

guaranteed . . . by the Sixth Amendment." *Id*. Second, a petitioner must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *See id*. This test is not easily met, and the Eleventh Circuit has stated that "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (citation omitted).

In order to succeed on an ineffective assistance of counsel claim, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. Under the first prong of the test, deficient performance, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *See id*. at 690. "In reviewing counsel's performance, a court must avoid using the 'distorting effects of hindsight' and must evaluate the reasonableness of counsel's performance 'from counsel's perspective at the time.'" *Chandler v. United States*, 218 F.3d 1305, 1316 (11th Cir. 2000) (*en banc*) (quoting *Strickland*, 466 U.S. at 689). As it relates to strategy decisions, courts show great deference to choices dictated by reasonable strategy, *see Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994), and "[c]ounsel will not be deemed unconstitutionally deficient because of tactical decisions." *McNeal v. Wainwright*, 722 F.3d 674, 676 (11th Cir. 1984) (citations omitted). Reviewing courts "must [also] indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered a sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). Because of the "strong presumption in favor of competence," this is a "heavy" burden, as the petitioner "must establish that no competent counsel would have taken the action

5

that his counsel did take." *Chandler*, 218 F.3d at 1313–16 ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is 'not what is possible or what is prudent or appropriate, but only what is constitutionally compelled.'") (citation omitted). Also, a counsel is not constitutionally ineffective for failing to raise a meritless claim. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (providing failure to raise meritless issues cannot prejudice a client).

Finally, when conducting an analysis of an ineffective-assistance-of-counsel claim, a petitioner must satisfy both prongs of the analysis and "[t]here is no reason for a court . . . to address both components of the inquiry [—performance and prejudice—] if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697; *see Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998) (recognizing that under *Strickland*, a court is free to dispose of ineffectiveness claims on either performance or prejudice grounds).

## III.   DISCUSSION

### Grounds One and Two:

In Grounds One and Two, Petitioner argues he was deprived of his right to self-representation—an argument that was available to him on direct appeal. Accordingly, because Grounds One and Two were available but were not raised, Petitioner has procedurally defaulted these arguments, and they are barred from this Court's consideration on collateral review, unless Petitioner can show cause excusing his failure to raise the issue previously and actual prejudice resulting from the alleged error. *See Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994); *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990).

Petitioner suggests that Appellate Counsel's ineffective assistance caused his failure to raise this issue on direct appeal, but he does not explain how this failure prejudiced him. *See* Doc. 1 at 5; Doc. 12 at 6.

The Eleventh Circuit has held that ineffective assistance of counsel may suffice to show cause for a procedural default, but the claim of ineffective assistance of counsel must have merit. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (citing *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989)). Therefore, to determine whether Grounds One and Two have been procedurally defaulted, this Court must decide whether the arguments Petitioner alleges his counsel failed to raise were significant enough to have affected the outcome of his appeal, keeping in mind that appellate counsel is not ineffective for failing to raise claims reasonably considered to be without merit. *Id.* (quoting *Wainwright*, 725 F.2d at 1291).

Petitioner argues he made "numerous attempts" to represent himself before trial, yet this Court denied his request without conducting a *Faretta* hearing and without providing cautions about the dangers of self-representation. *See* Civ. Doc. 1 at 4. Petitioner contends that by failing to consider his request, this Court deprived him of his Sixth Amendment right to self-representation. *Id.*

Petitioner is correct that he has a right to conduct his own defense, however, a request to do so must be made clearly and unequivocally to prevent a defendant from injecting error into the record by making ambiguous self-representation demands. *See United States v. North*, 151 F.App'x 863, 865 (11th Cir. 2005) (quoting *Nelson v. Alabama*, 292 F.3d 1291, 1295 (11th Cir. 2002); *Cross*, 893 F.2d at 1290). Here, Petitioner did not make such a clear and unequivocal request, and this Court finds his argument without merit.

Petitioner appears to rely on his exchange with the Court immediately before jury selection, however, this exchange does not contain a clear, unequivocal request for self-representation—it is an attempt by Petitioner to speak directly to the Court about evidence that he thought needed to be presented at trial. As discussed in the background section above, Petitioner was represented by three different attorneys in this matter. Before the appointment of Trial Counsel (Petitioner's third court-appointed attorney), Petitioner moved to remove his second court-appointed counsel and to proceed *pro se*. Crim. Doc. 58. The Court granted this motion, allowing Petitioner to proceed *pro se* and appointing standby counsel. Crim. Doc. 72. During the suppression hearing in which Petitioner represented himself, Petitioner expressed his frustration concerning his inability to perform legal research to prepare for his upcoming trial. Crim. Doc. 127 at 23–26. Petitioner's dissatisfaction continued at a hearing on June 20, 2012, where he requested that the Court appoint him counsel. Crim. Doc. 112. Petitioner's request was granted June 25, 2012, and Trial Counsel was appointed to represent Petitioner at trial. *See id.* at 1-2; Crim. Doc. 115. On September 10, 2012, one week before the beginning of trial, the Magistrate Judge held a hearing on Petitioner's latest motion to remove Trial Counsel, at which Petitioner stated he wanted Trial Counsel to continue to represent him. Crim. Docs. 141 & 142.

On September 17, 2012, the first day of trial, Petitioner was sworn in and made no mention of a desire for self-representation, Crim. Doc. 203 at 5–6. He made no request to proceed pro-se when his Trial Counsel argued the motions in limine, *id.* at 10–17. However, clearly frustrated when the rulings on the motions in limine did not go his way and the Court would not allow him to personally reargue the motions, Petitioner had a change of heart and stated he wanted proceed *pro se*. The Court denied his request.

Considering the totality of the circumstances, including the weeks preceding trial when Petitioner having been allowed to proceed pro-se, changed his mind and asked for counsel to be reappointed, Petitioner never clearly and unequivocally invoked his right to self-representation on September 12, 2012.  If anything, Petitioner sought the benefit of representation, but also wanted the right to argue with the Court when he saw fit.

Because Petitioner's claim that he was deprived of his right to self-representation is without merit, Appellate Counsel was not ineffective for failing to raise this argument on appeal, and Grounds One and Two are procedurally defaulted. Moreover, as discussed above, even if they were not procedurally defaulted, they lack merit. Accordingly, Petitioner is not entitled to relief on Grounds One and Two.

**Ground Eleven:**

In Ground Eleven, Petitioner argues he was deprived of a fair trial when the Government failed to disclose exculpatory information, elicited false testimony that it knew or should have known was false, failed to correct false evidence, and used this false evidence to attack Petitioner's credibility. Civ. Doc. 1 at 17–20.

The Court concludes Ground Eleven fails because it is not cognizable under § 2255. A § 2255 petitioner may attack his sentence only "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Though Petitioner frames Ground Eleven as a prosecutorial misconduct argument, the Court agrees with the Government that Petitioner is actually challenging the Government's interpretation of the evidence. Specifically, Petitioner asserts in Ground Eleven that (1) the Government's arguments and use of the evidence

is not true; (2) the Government's legal theories are incorrect; (3) the Government's main cooperating witness is a liar because her testimony is not completely aligned with some of the documentary evidence; and (4) Petitioner was not distributing oxycodone because he can prove mathematically that he and his co-conspirators were all consuming the pills themselves. Petitioner has made no showing of misconduct—he simply challenges the conclusions reached by the Government. Civ. Doc. 1 at 17–20.

Petitioner is not entitled to relief on Ground Eleven.

**Ground Three:**

In Ground Three, Petitioner asserts his trial counsel was ineffective when he failed to exercise peremptory challenges on prospective jurors with predetermined biases. Civ. Doc. 1 at 7. Petitioner provides that during voir dire he asked Trial Counsel to use a peremptory challenge on four specific jurors because of (1) their or their family members' employment with the government, or (2) their or their family members' past issues with, or addiction to, substances. *Id.* Petitioner contends that Trial Counsel declined to strike or challenge these jurors for cause, stating that he needed good grounds to do so, *id.*

Ground Three fails, because Trial Counsel's decision to strike certain prospective jurors and leave others is a part of trial strategy, and courts will not find counsel constitutionally defective for making choices related to a reasonable strategy. *See Montgomery v. United States*, 557 F. Supp. 2d 1337, 1352 (M.D. Fla. 2008) ("a defense attorney's decisions regarding the exercise of juror challenges are customarily presumed to be a matter of tactics or strategy").

Even if Petitioner had satisfied the first prong of the *Strickland* analysis, he has not shown that he was sufficiently prejudiced by Trial Counsel's decision.  Petitioner points to three jurors whom he believes Trial Counsel should have stricken, yet he has not shown that he would have

had more satisfactory results if those jurors had been stricken instead of those Trial Counsel decided to strike.  Petitioner also concedes that even if Trial Counsel had used his remaining peremptory challenge to strike one of these three specific jurors, it is speculative as to whether this action would have changed the result of the trial.  Civ. Doc. 12 at 9.

For the above reasons, Petitioner is not entitled to relief on Ground Three.

**Ground Four:**

In Ground Four, Petitioner attempts to argue both his Trial Counsel and Appellate Counsel were ineffective when they failed to raise the issue of whether the charges in the Indictment and the facts presented at trial were materially different.  Civ. Doc. 1 at 8.

The bulk of Petitioner's argument in Ground Four does not concern ineffective assistance of counsel; rather, it relates to the sufficiency of Count One of the Indictment, the conspiracy count, and his belief that the facts at trial did not prove his guilt. *Compare* Crim. Doc. 232 at 6-9, *with* Civ. Doc. 1 at 9-10 (arguing the evidence presented at trial was not determinative of Petitioner's involvement in the conspiracy alleged in the Indictment and that the Government never proved all of the elements of conspiracy) *and* Civ. Doc. 12 at 9 (arguing the Government offered no direct evidence of Petitioner's participation in the conspiracy).

The Eleventh Circuit has already resolved the sufficiency of the evidence argument on direct appeal. Accordingly, Petitioner is procedurally barred from re-litigating whether the evidence was sufficient to support his conspiracy conviction, *see Davis v. United States*, 417 U.S. 333 (1974); *Nyhuis*, 211 F.3d at 1343. To the extent Petitioner is dissatisfied with the way Appellate Counsel frame or presented the argument on appeal, he has not shown counsel fell below an objective standard of reasonableness.

Petitioner is not entitled to relief on Ground Four.

**Ground Five:**

In Ground Five, Petitioner contends Trial Counsel provided ineffective assistance when he admitted during closing argument that Petitioner was guilty of the crimes charged but attempted to excuse the commission of the crime by explaining that Petitioner was on medication. Civ. Doc. 1 at 11–12.

First, Petitioner's assertion that Trial Counsel admitted Petitioner was guilty of the crimes charged in the Indictment is untrue. Nowhere in closing argument did Trial Counsel concede that Petitioner was guilty; rather, Trial Counsel consistently argued Petitioner was not guilty of any of the charged counts. Crim. Doc. 206 at 179–94.

If Petitioner's argument is that Trial Counsel was ineffective for acknowledging that Petitioner was using medication, the Court finds Petitioner has not shown this acknowledgement fell below an objective standard of reasonableness—prong one of *Strickland*. The Eleventh Circuit has previously held that concessions made for strategic reasons do not render counsel constitutionally inefficient. *See Kelly v. United States*, 820 F.2d 1173, 1176 (11th Cir. 1987) (concluding, when defendant was arrested on a boat full of marijuana, that counsel's concession of defendant's guilt of importation charges was a reasonable strategy to attempt to avoid conviction of distribution charges).

Petitioner is not entitled to relief on Ground Five.

**Ground Six:**

In Ground Six,[1] Petitioner claims Trial Counsel was ineffective for failing to pursue Petitioner's theory of defense, to investigate and subpoena certain witnesses for trial, to advocate for jury nullification, and to request *Jencks* material. Civ. Doc. 1 at 12-14.

First, Petitioner asserts Trial Counsel was ineffective for not pursuing the theory of defense upon which he and Petitioner agreed: that there was no conspiracy to distribute drugs and that Petitioner and his alleged co-conspirator merely had a buyer-seller relationship. *Id.* at 13. The record clearly shows that Trial Counsel pursued these defense theories; consequently Petitioner's first argument is meritless.

Next, Petitioner's argument that Trial Counsel was ineffective for failing to investigate and subpoena certain witnesses fails, because Petitioner has not satisfied his burden to set forth adequate facts to establish that he is entitled to relief.  *See, e.g.*, *LeCroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014) ("the burden of proof . . . on a § 2255 petition belongs to the petitioner"). Petitioner merely states that Trial Counsel was ineffective for not calling and subpoenaing witnesses. Civ. Doc. 1 at 12–14. Petitioner does not specify who these witnesses are, what their testimony would have revealed, or how their testimony is different than any other witness' testimony. Petitioner does not even explain how the failure to call these unnamed witnesses was prejudicial.

Moreover, as to Trial Counsel's alleged failure to call particular witnesses, the decision to call some witnesses and not others is regarded as a tactical decision, *Conklin v. Schofield*, 366 F.3d 1191, 1204 (11th Cir. 2004) ("Which witnesses to call, and when to call them, is the epitome of a

---

[1] Petitioner has two labelled two grounds "Ground Six" in his § 2255 motion. The first Ground Six contains the same introductory paragraph as the first Ground Six and raises a substantially similar argument to the one raised in Ground Five—that Trial Counsel deviated from the agreed upon strategy in his closing argument by conceding that Petitioner committed the crimes of which he was charged. The second Ground Six presents arguments that are different from those raised in Ground Five and the first Ground Six, yet contains the same introductory paragraph as the first Ground Six. *See* Civ. Doc. 1 at 10–14. The Court addresses the arguments in Petitioner's first Ground Six in its section on Ground Five, and addresses the arguments in the second Ground Six in its section on Ground Six.

strategic decision") (citation omitted), and Petitioner has not provided any information in his filings that suggests this tactical decision was unreasonable or prejudicial.

Petitioner's argument concerning his request of Trial Counsel that he ask the Court about pursuing an argument on jury nullification also fails, because the Court would never allow an argument based on jury nullification, as it is not a legal defense. *See United States v. Funches*, 135 F.3d 1405 (11th Cir. 1998).

Finally, Petitioner's argument concerning *Jencks* material fails. Petitioner has not stated what *Jencks* material he believed existed and has not made a showing that Trial Counsel's failure to request *Jencks* material was objectively unreasonable.

For these reasons Petitioner is not entitled to relief on Ground Six.

**Ground Seven:**

In Ground Seven, Petitioner contends Trial Counsel was ineffective for failing to object to the Government's use of GPS evidence at trial because, during the suppression hearing, the Government represented it would not introduce GPS evidence at trial. Civ. Doc. 1 at 14. Petitioner specifically argues that Trial Counsel should have objected to the Government's use of the documents marked "DISCOVERY #00030-00034" and "DISCOVERY #00110." *Id.*

Petitioner's argument is not supported by the record. A review of the Government's exhibit list and the trial transcript reveals the Government introduced no such evidence at trial. *See* Crim. Doc. 182; Crim. Docs. 203-206. Accordingly, Petitioner is not entitled to relief on Ground Seven.

**Ground Eight:**

In Ground Eight, Petitioner asserts that Appellate Counsel was ineffective when he failed to raise the issue of whether Petitioner's 10-year term of supervised release exceeds the statutory maximum. Civ. Doc. 1 at 15–16.

This ground fails, because counsel cannot be constitutionally ineffective for failing to raise a meritless argument. Here, the governing statute specifically provides for a term of supervised release of "at least 3 years[,]" *see* 21 U.S.C. § 841(b)(1)(C), and courts have found that the maximum supervised release term under this provision is life. *See United States v. Sanchez*, 269 F.3d 1250, 1286-88 (11th Cir. 2001) (*en banc*) (holding that a term of supervised release of four years was permitted under 21 U.S.C. § 841(b)(1)(C) because the statute set only a floor of three years for a term of supervised release), *abrogated in part on unrelated grounds by*, *United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir. 2005); *United States v. Shorty*, 159 F.3d 312, 315-16 n.6 (7th Cir. 1998) (noting that the provision for the term of supervised release in §841(b)(1)(C) "sets a floor requirement, leaving the ceiling open, closed only by a defendant's death").

Accordingly, Petitioner is not entitled to relief on Ground Eight.

**Ground Nine:**

In Ground Nine, Petitioner alleges Trial Counsel was ineffective when he declined Petitioner's request to ask the Court to approve funds to retain an expert witness to offer testimony on drug usage and its effects on the memory and the state of mind of a person using oxycodone. Civ. Doc. 1 at 16.

Petitioner's Ground Nine fails because his conclusory allegations are insufficient. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Petitioner does not explain how such an expert would have been helpful to his defense or how Trial Counsel's alleged failure to request funds for such an expert fell below an objective standard of reasonableness. Therefore, Petitioner is not entitled to relief on Ground Nine.

**Ground Ten:**

In Ground Ten, Petitioner provides a one-sentence argument asserting that Appellate Counsel was ineffective for his failure to raise Grounds One through Nine and Eleven on appeal. Civ. Doc. 1 at 16.

The Court finds Ground Ten does not entitle Petitioner to relief, because Petitioner has not shown how Appellate Counsel's decision to pursue some issues on appeal instead of others is objectively unreasonable. It is entirely reasonable for appellate attorneys to use their experience to select the grounds for an appeal. In *Jones v. Barnes*, 463 U.S. 745 (1983), the United States Supreme Court provided:

> This Court [has] . . . recognized the superior ability of trained counsel in the "examination into the record, research of the law, and marshalling of arguments on [the appellant's] behalf[.]" . . . Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.

*Id.* at 751–52. In addition, as discussed above, Petitioner's Grounds One through Nine and Eleven are wholly meritless or were actually raised on direct appeal. For these reasons, Petitioner is not entitled to relief on Ground Ten.

## IV.     REQUEST FOR EVIDENTIARY HEARING

Petitioner requests an evidentiary hearing on his Motion. He is not, however, entitled to an evidentiary hearing, nor is there any need for one in this case. It is Petitioner's burden to establish the need for an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984). In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *Chavez v. Sec'y Florida Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). There is no need to hold an evidentiary hearing if the "files and records or the case conclusively show that the prisoner is entitled to no relief." *Holmes v. United*

*States*, 876 F.2d 1545, 1552-53 (11th Cir. 1989) (quoting 28 U.S.C. § 2255). Here, the record

clearly shows that Trial Counsel's and Appellate Counsel's actions met the constitutional standard

and that they rendered reasonably effective assistance. *See Vick v. United States*, 730 F.2d 707,

708 (11th Cir. 1984).


## V.     CONCLUSION

Accordingly for the reasons stated above, Petitioner Samuel Posa's § 2255 motion is

**DENIED**. The Clerk is directed close the civil case and enter judgment in favor of the United

States.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner Samuel Posa is not entitled to a certificate of

appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district

court's denial of his motion.   28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a

certificate of appealability ("COA"). *Id.* "A [COA] may issue…only if the applicant has made a

substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a

showing, Petitioner "must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282

(2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were

'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322,

355-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made

the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a

certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, 14th day of September, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copy:  Samuel Posa, Pro-se